UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM RAMSEY, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 3:12-cv-1184 |
| v. ) | Judge Sharp |
| ) | |
| METROPOLITAN NASHVILLE, ) | |
| HOSPITAL AUTHORITY d/b/a ) | |
| NASHVILLE GENERAL HOSPITAL ) | |
| AT MEHARRY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff's complaint before this Court alleges unlawful discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and unlawful discrimination, retaliation, and harassment in violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 et seq., and Tennessee common law. Defendant Metropolitan Nashville Hospital Authority d/b/a Nashville General Hospital at Meharry has filed a Motion for Summary Judgment on all claims in the complaint. This motion, for the reasons that follow, will be granted.

### I. Factual Background

Plaintiff is over 40 years old and a former employee of Defendant. Plaintiff was terminated from his employment with Defendant in September of 2011. (Docket No. 40 ¶ 1). On February 21, 2012, Plaintiff completed and filed a Charge of Discrimination with the Tennessee Human

1

Rights Commission and the Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADEA and Title VII. (Docket No. 40 ¶ 6). On June 19, 2012, the EEOC issued a letter to Plaintiff advising him that in the absence of additional evidence, the EEOC might issue a determination that Defendant did not discriminate against Plaintiff as alleged in his charge, and informing him that if he should receive a Dismissal and Notice of Rights letter from the EEOC, he would have the right to file a lawsuit in federal court within 90 days of receipt of his letter. (Docket No. 40 ¶¶ 10-11) (Docket No. 40-14). The letter also stated that if Plaintiff did not pursue his case in federal court within 90 days, his right to sue would be lost. Id. Defendant received and responded to this letter. (Docket No. 40 ¶ 12).

On July 31, 2012, the EEOC mailed Plaintiff a dismissal and notice of right-to-sue letter ("RTS").[1] The RTS informed Plaintiff that his charge had been dismissed, that he had a right to sue in federal court, and that his lawsuit must be filed within 90 days of his receipt of the notice. (Docket No. 40 ¶ 15). Plaintiff's attorney, Lorraine Wade, also forwarded him a copy of the letter when she received it on August 2, 2012. (Docket No. 40 ¶ 18).

Despite the fact that both Defendant and Ms. Wade received copies of the RTS only a few days after it was sent, Plaintiff claims he did not receive it until August 15, 2012. (Docket No. 40 ¶20) and denies ever receiving the copy forwarded from Ms. Wade. (Docket No. 40 ¶ 21). Plaintiff explains that the reason for the delay in his receipt of the RTS is that Plaintiff's wife started receiving his mail on his behalf at the beginning of August 2012 and failed to deliver it to him for an extended period of time thereafter. (Docket No. 42 ¶¶13-15). Plaintiff testified that

---

[1] In his Response to Defendant's Statement of Material Facts, Plaintiff argues that "there is no evidence in the record from the EEOC stating when the letter was sent." (Docket No. 40 ¶ 14). However, it is undisputed that the RTS was dated July 31, 2012, and both Plaintiff's attorney, Lorraine Wade, and Defendant received copies of the letter only a few days later (August 2, 2012 and August 3, 2012 respectively). (Docket No. 40 ¶ 20). In light of Plaintiff's failure to offer any evidence to the contrary, the Court finds that the EEOC letter was sent on July 31, 2012.

2

when his wife finally gave him the RTS, she told him that it arrived two weeks earlier. (Docket No. 27 ¶ 27).

After receiving the RTS, Plaintiff brought the present lawsuit on November 14, 2012. Defendant moves for summary judgment on the grounds that both the federal and state law claims are time-barred. Specifically, Defendant asserts that the federal claims are time-barred because they were filed more than 90 days from the date Plaintiff received the RTS, and the state claims are time-barred under the applicable statute of limitations. Plaintiff agrees that his state law claims are time-barred and does not contest Defendant's Motion in that respect.[2] Accordingly, Plaintiff's state law claims will be dismissed.

Plaintiff contests Defendant's Motion with regard to the federal claims, however, and asserts that his claims were filed within the 90 day limitations period. Plaintiff further argues that even if he did not file his claims within the limitations period, the Court should apply equitable tolling to prevent dismissal of his claims.

## II. Analysis

A party may obtain summary judgment if the evidence establishes there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the Court must construe the evidence in the light most

---

[2] Defendant offers evidence that Plaintiff's state claims were filed more than one year after his termination in violation of the applicable statute of limitations. See Tenn. Code Ann. § 4-21-311(d); Fahrner v. SW Mfg., Inc., 48 S.W.3d 141, 144 (Tenn. 2001) (finding that the statute of limitations for THRA claims begins to run when the employee is given unequivocal notice of the employer's termination decision.)

3

favorable to the nonmoving party, drawing all justifiable inferences in his or her favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, (1986). However, the nonmoving party must rely on more than "[c]onclusory assertions, supported only by Plaintiff's own opinions." Arendale v. City of Memphis, 519 F.3d 587, 605 (6th Cir. 2008). Rather, Plaintiffs must "set out specific facts showing a genuine issue for trial." Harvey v. Campbell County, Tenn., 453 Fed. Appx. 557, 561 (6th Cir. 2011).

**Timeliness**

A plaintiff bringing claims under Title VII or the ADEA must ordinarily file his lawsuit within ninety days after receiving notice of the right to sue from the EEOC. See 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626(e); Seay v. Tennessee Valley Authority, 339 F.3d 454, 469 (6th Cir. 2003). Actual receipt of the right-to-sue letter, however, is not required to start the 90 day limitations period; within the Sixth Circuit, a plaintiff is presumed to have received delivery of the RTS within five days following the EEOC's mailing of the letter. Graham-Humphreys v. Memphis Brooks Museum of Art. Inc., 209 F.3d 552, 557-58 (6th Cir. 2000). A plaintiff may rebut the presumption of receipt with proof that he did not receive the RTS within five days following the mailing of the letter. Graham-Humphreys, 209 F.3d at 557.

In this case, the Plaintiff has failed to set forth proof that he did not receive actual notice within the five day period following the EEOC's mailing of Plaintiff's RTS on July 31, 2012. The Plaintiff has only offered unsupported, self-serving testimony from himself and his wife that he did not receive the RTS until August 15, 2012. Given the lack of proof from the Plaintiff of when he received the RTS, the Court finds that the presumptive receipt rule established by the Sixth Circuit in Graham-Humphreys applies, and the Plaintiff shall be deemed to have received the RTS on August 5, 2012. See Bilyeu v. Metropolitan Government of Nashville and Davidson

County, Tennessee et. al., 2012 WL 996681 at *4 (M.D. Tenn. Mar. 23, 2012) (citing Lacheta v. Madison Cnty. Hosp., 2009 WL 3515378 (S.D. Ohio Oct. 28, 2009); Ellington v. Consolidated Biscuit Co., 2008 WL 3914982 (E.D. Ky. Aug. 21, 2008); Carter v. Jack Daniel's Distillery, 2002 WL 32059015 (E.D. Tenn. Nov. 26, 2002)) (finding that plaintiff's unsupported, self-serving arguments failed to rebut the five day presumption rule and raise genuine issues of material fact precluding the entry of summary judgment). Since Plaintiff did not file the present suit until November 14, 2012, 101 days after receipt of the RTS, Plaintiff's complaint is untimely and will be dismissed. See Graham-Humphreys, 209 F.3d at 561 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.")

Plaintiff argues that the RTS is insufficient because it did not comply with EEOC regulations requiring right-to-sue letters to contain a copy of the charge. See 29 CFR § 1601.8(e). Because the RTS did not comply with EEOC regulations, Plaintiff argues, the 90 day limitations period never began. The only authority Plaintiff cites to support his position is 42 U.S.C. § 2000e-5(f)(1), which requires the EEOC to notify a complaining party when it dismisses a charge of discrimination. At that point, according to the statute, "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). This statute does not specify, nor does the Plaintiff put forth any authority describing, the specific form the notice must take in order to trigger the 90 day limitations period. The statute does not mention including a copy of the charge in the notice; rather, it only requires notice to be sent. In the absence of any authority supporting Plaintiff's position, the Court finds that the alleged absence of Plaintiff's charge with his RTS does not toll the limitations period where the right-to-sue letter notifies the party that his charge has been dismissed and otherwise satisfies the conditions of 42 U.S.C. § 2000e-5(f)(1).

5

**Equitable Tolling**

Plaintiff contends that the doctrine of equitable tolling requires tolling the limitations period for his ADEA claims. The federal courts rarely apply equitable tolling. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Graham–Humphreys, 209 F.3d at 560. Usually, equitable tolling applies where a litigant does not meet a deadline due to circumstances beyond that litigant's control. See Graham–Humphreys, 209 F.3d at 560–61. Without compelling equitable considerations, a court should not extend limitations. See id. at 561. The Sixth Circuit uses five factors in assessing the appropriateness of applying equitable tolling. They are "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." Id. (citing Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998)). These factors are not comprehensive and are not material in all cases; rather, applicability of equitable tolling must be determined on a case-by-case basis. Id.

The Court has already established in the preceding section that the evidence, even when construed most favorably on behalf of Plaintiff, reflects that Plaintiff received constructive notice within five days of the mailing of the RTS. Plaintiff also admits that he eventually received the actual RTS letter, which contained a description of Plaintiff's filing requirement.

Importantly, the evidence illustrates that Plaintiff did not act diligently in receiving the RTS and pursuing his rights, and his apparent ignorance of the filing requirement was not reasonable. For example, prior to receiving his RTS, Plaintiff knew that he was required to commence his lawsuit within a finite period. A prudent and reasonably cautious ADEA claimant would have been alert for incoming mail from the EEOC, and, once notice finally reached him,

would have assumed that limitations began passing on or near the earliest potential date (i.e., the date of the RTS or the date the RTS arrived in the mail). Instead, Plaintiff claims not to have checked his incoming mail for over two weeks, and when he finally received notice, he waited until almost the latest possible date to file his claim – even by his misguided calculation. Plaintiff had 80 days following his alleged actual receipt of the RTS in which to institute the present lawsuit before the expiration of limitations and he failed to do so. Under these circumstances, the Court cannot find that equitable tolling is appropriate. See Graham Humphreys, 209 F. 3d at 561-62 (declining to apply equitable tolling where the plaintiff knew she was required to commence her judicial complaint within a finite period, assumed her limitations period began on the latest possible date, and had abundant time following actual receipt of the EEOC notice in which to institute her lawsuit before expiration of the limitations period).

### III. Conclusion

On the basis of the foregoing, Defendant's Motion for Summary Judgment will be granted, and Plaintiff's complaint will be dismissed.

An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE